UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LATONIA SNOWDEN,

                    Plaintiff,

v.

JOHN DOES, KATZ PROPERTIES, and UNKNOWN,

                    Defendants.

Case No. 25-CV-867-JPS

**ORDER**

      In October 2025, this Court screened Plaintiff Latonia Snowden's ("Plaintiff") pro se complaint, denied her motion to proceed in forma pauperis without prejudice, and denied Plaintiff's remaining pending motions. ECF No. 8. The Court concluded that none of Plaintiff's claims could proceed as pled and amendment as to her 18 U.S.C. §§ 1030, 2511, and 2261A claims would be futile, but her remaining claims could possibly benefit from amendment. *Id.* Accordingly, the Court granted Plaintiff 30 days to amend her complaint as to her remaining claims but dismissed with prejudice her 18 U.S.C. §§ 1030, 2511, and 2261A claims. *Id.* at 18–19.

      More recently, Plaintiff filed a "supplemental statement," which the Court construes as a motion to take judicial notice of certain matters. *See generally* ECF No. 9.[1] That same day, Plaintiff filed a motion for permission to electronically file documents via CM/ECF. ECF No. 10. The Court will deny both motions as moot, however, because Plaintiff has failed to abide by the Court's October 14, 2025 order. ECF No. 8.

---

[1]Plaintiff suggested that "a previous motion to seal [her] personal information remains pending." ECF No. 9-1. at 4. However, there is no such motion pending.

At that time, the Court warned Plaintiff that failure to file an amended complaint within 30 days of the order's entry would result in the dismissal of her case without further notice. *Id*. at 18. "A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice." CIV. L.R. 41(c). The Court may do so sua sponte. *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) ("[D]istrict courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) and *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000))). Because Plaintiff has failed to file an amended complaint within 30 days of the Court's October 14th order, ECF No. 8, the Court will now dismiss this action in its entirety, without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff Latonia Snowden's motion to take judicial notice of certain matters, ECF No. 9, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Latonia Snowden's motion to electronically file, ECF No. 10, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge